UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BROWN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JON ALEXANDER, et al.,<br><br>    Defendants. | Case No. 13-cv-01451-RS<br><br>**ORDER GRANTING PETITION TO REMOVE GUARDIAN AD LITEM BARRY BROWN** |

## I.   INTRODUCTION

Plaintiff Jennifer Brown and Daniel Crockett[1] had a short marriage and lengthy, acrimonious divorce. During the divorce proceedings Brown accused Crockett of sexually abusing their minor children, Jane Doe 1 and Jane Doe 2. She and her father, plaintiff Barry Brown, have filed this lawsuit on behalf of themselves and Jane Does 1 and 2, averring that various officials in Del Norte County conspired with Crockett to deprive them of various constitutional rights in connection with their attempts to instigate an investigation into allegations that Crockett sexually abused Jane Does 1 and 2. After filing their complaint, the Browns filed an ex parte petition to appoint Barry Brown as the children's guardian ad litem in this matter, which was granted. Defendants petition to remove and replace Brown as the guardian ad litem on the basis that Brown is unsuitable to serve as the guardian ad litem. They seek the appointment as the

---

[1] Jennifer Brown's claims against Daniel Crockett have been dismissed with prejudice. Only the defendants from Del Norte County remain in this suit.

guardian ad litem of Crockett or Joyce Crockett, the children's paternal grandmother. In the alternative, defendants suggest that the court accept suggestions for an alternative guardian ad litem.

Pursuant to Local Rule 7-1(b), this matter is suitable for disposition without oral argument. Because defendants have presented evidence of Barry Brown's potential conflict of interest with Jane Does 1 and 2, the motion to remove Barry Brown as guardian ad litem is granted. Neither Daniel nor Joyce Crockett will replace Barry Brown as guardian ad litem because of the potential for their interests to diverge from those of Jane Does 1 and 2. The parties must meet and confer to identify three potential guardians.

## II.   DISCUSSION

When a minor is a litigant, "[t]he Court has a duty to ensure that [the] minor's interest[s] are protected." *Bhatia v. Corrigan*, No. C 07-2054 CW, 2007 WL 1455908, at *1 (N.D. Cal. May 16, 2007) (citing Fed. R. Civ. P. 17(c); *In re Chicago, Rock Island & Pac. R.R. Co.*, 788 F.2d 1280, 1282 (7th Cir. 1986)). A guardian ad litem is like the minor's agent whose purpose is to protect the minor's interests in the litigation. *Williams v. Superior Court*, 147 Cal. App. 4th 36, 47 (2007). While a guardian ad litem "may make tactical and even fundamental decisions affecting the litigation," he or she must make those decisions "always with the interest of the guardian's charge in mind" and may not "compromise fundamental rights . . . without some countervailing and significant benefit." *Id.* (internal quotation marks omitted).

In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion. *Bhatia*, 2007 WL 1455908, at *1. "After appointing a guardian ad litem, a court maintains a continuing obligation to supervise the guardian ad litem's work." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 652 (2d Cir. 1999) (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir.1978).

When "a parent has an actual or potential conflict of interest with his child," however, "the parent has no right to control or influence the child's litigation." *Williams v. Superior Court*, 147

Cal. App. 4th 36, 50 (2007). If the court concludes that a non-parental guardian *ad litem* would better protect the minor's interests, then it has a right to select a non-parental guardian. *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977); *see also Guerrero v. Brentwood Union Sch. Dist.*, No. C 13-03873 LB, 2014 WL 1028862, at *2 (N.D. Cal. Mar. 17, 2014). Although the current guardian ad litem is not a parent, the principle remains the same: the court has a duty to ensure that the guardian ad litem will represent the best interests of Jane Does 1 and 2.

This case is rife with family conflict. Jennifer Brown and Crockett have litigated aggressively their right to have sole custody of their children. Throughout these tumultuous proceedings Child Welfare Services has taken custody of Jane Does 1 and 2 and placed them in foster care multiple times. Jennifer and Barry Brown have been accused of kidnapping the children. Crockett is accused of molesting the children. These inflammatory accusations and the heated nature of the litigation between the Browns and the Crocketts in the state courts raise serious concerns about whether members of either family can adequately represent the interests of Jane Does 1 and 2.

In addition, the Del Norte County Superior Courts apparently do not believe Barry Brown should have contact with Jane Does 1 and 2, which would significantly undermine his ability to represent their interests. Currently, Crockett and Brown have joint legal custody of the children, but Crockett has sole physical custody. Jennifer Brown has the right to supervised visitation with the children five hours each week. In January 2014, Barry and his wife, Yvonne Brown, sought de facto parental status from the Del Norte Juvenile Court. The court denied that request. When the Browns appealed, the Court of Appeal affirmed the denial of de facto parent status because it found "sufficient reasonable grounds on which to find that visitation with [the Browns] would not be in [Jane Doe 1's and Jane Doe 2's] best interests." *In re N.C.*, No. A141406, 2014 WL 7184749, at *7 (Cal. Ct. App. Dec. 17, 2014). This factual finding raises significant concerns about whether Barry Brown should and can serve as guardian ad litem in this matter. Accordingly, there is good cause to find that Barry Brown should be removed as guardian ad litem; defendants' motion for removal is granted.

Defendants also request appointment of either Daniel or Joyce Crockett as guardian ad litem. Daniel Crockett was initially a defendant to this lawsuit. His alleged behavior underlies all of plaintiffs' claims against the county. As such, he has an apparent conflict of interest with his daughters in this matter. Although there is very little information in the record about Joyce Crockett, the court is convinced that the minors' guardian ad litem should not be a member of the Crockett or Brown families. Therefore, defendants' request to appoint Daniel or Joyce Crockett as guardian ad litem is denied.

### III.   CONCLUSION

For the foregoing reasons, defendants' motion to remove and replace the guardian ad litem for Jane Does 1 and 2 is granted in part and denied in part. Barry Brown is no longer the guardian ad litem in this matter. Plaintiffs and the county defendants each are ordered to submit a list of three suitable guardians, along with their contact information, their agreement to serve, and a brief explanation of why they are suitable within two weeks of this order. *See Bhatia*, 2007 WL 1455908, at *2.

**IT IS SO ORDERED**.

Dated: November 20, 2015

_____
RICHARD SEEBORG
United States District Judge